UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William E. Dirkes, M.D.,

    Plaintiff,

    v.                                          Case No. 1:05cv254

Continental Casualty Company, et al.,       Judge Michael R. Barrett

    Defendants.

## OPINION AND ORDER

Before the Court is Magistrate Judge Black's March 3, 2006 Report and Recommendation (hereinafter "R&R") (Doc. 12).  Proper notice has been given to the parties under 28 U.S.C. §636(b)(1)(C), notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed Objections to the Magistrate's R&R on March 13, 2006 (Doc. 14).  Defendants filed a response to Plaintiff's objections on March 30, 2006 (Doc. 15).

FACTS

Plaintiff William E. Dirkes, M.D. (hereinafter "Plaintiff"), an anaesthesiologist, asserts claims against the Defendants, Continental Casualty Co., Charles Stedman & Co. Inc., The Hartford Financial Services Group, Inc., and Group Long Term Disability Income Protection Plan of Anesthesia Associates of Cincinnati, Inc. (the "Plan"), to recover long-term disability benefits under a group long term disability income protection plan.  Plaintiff participated in the plan during his employment with Anesthesia Associates of Cincinnati, Inc. (Doc. 3).  Continental Casualty Company, dba CNA is the

alleged underwriter of the Plan (*Id*. ¶2).  Charles Stedman & Co. Inc. was named as the administrator of the Plan (*Id*. ¶3).  The Hartford Financial Services Group, Inc. is alleged to be the fiduciary under ERISA (*Id*. ¶4).

Unfortunately in 1999 during a routine physical, it was determined that Plaintiff was suffering from elevated transaminase levels which can lead to liver damage and death.  The cause of this is believed to be from Plaintiff's exposure to anesthesia gases.  Plaintiff consulted a liver disease specialist, Dr. Blitzer, over the next few years.  As Plaintiff's condition worsened, Dr. Blitzer recommended that Plaintiff cease practicing medicine in the operating room setting where anesthesia gases are present.  Plaintiff ceased practicing anesthesiology all together in August, 2003 (Doc. 13, ¶11-13).  Plaintiff then filed a claim for disability benefits under the plan which after a long delay was eventually denied (*Id*. ¶14-15).  Plaintiff filed an administrative appeal which too was denied (*Id*. ¶16-17).  This suit followed.

PROCEDURAL HISTORY

Defendants Continental Casualty Co., Charles Stedman & Co., Inc. and The Hartford Financial Services, Group, Inc. filed a motion to dismiss (Doc. 2) based on the argument that these defendants are not proper parties to this litigation.  Plaintiff amended his complaint to add the Plan, Group Long Term Disability Income Protection Plan of Anesthesia Associates of Cincinnati, Inc.  The same Defendants renewed their motion to dismiss in response to the amended complaint (Doc. 8).  In the R&R, the Magistrate recommends granting the Motion to Dismiss but also recommends that Plaintiff be granted leave to amend his complaint to add Hartford Life Group Insurance Company as a Defendant.

REPORT AND RECOMMENDATION

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Although Plaintiff did not file a memorandum of law in support of his objections to the R&R as required by the Court, the Court will review the issues discussed in the pleading. It appears from the Objections that Plaintiff is not objecting to the granting of Defendants' Motion to Dismiss as to Charles Stedman & Co., Inc. or the Hartford Financial Services Group (*See* Doc. 14, ¶3), but is only objecting to the dismissal of Continental Casualty Company. In his objections, Plaintiff claims (1) that the Magistrate Judge erred in assuming the 2001 policy was controlling as opposed to the 1998 policy and (2) that the Magistrate Judge erred by suggesting that an ERISA administrator/ fiduciary (Continental Casualty Co. ) has the unilateral authority to extract itself from fiduciary responsibilities and assign its fiduciary role to another entity without an explicit provision in the plan.

A motion to dismiss under Rule 12(b)(6) requires this Court to construe the

complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle it to relief.  *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990).  "Only well-pleaded facts, however, must be taken as true. The trial court need not accept as true legal conclusions or unwarranted factual inferences." *Lewis v. ABC Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) *citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

      The R&R sets forth that the 2001 Plan governs this matter as "the law provides that the 'controlling plan must be the plan in effect at the time the benefits were denied.'" *Hackett v. Xerox Corp. Long-Term Disability Income Plan,* 315 F.3d 771 (7th Cir. 2003)(p. 6).  Thus, the issue before the Court is which plan was in effect in August, 2003.  Plaintiff alleges that a 1998 plan was in effect and the Defendants allege that a 2001 plan was in effect.  Neither plan was attached to the Amended Complaint.  However, Defendants attached the 2001 plan as an exhibit to its Motion to Dismiss (Doc. 2).  In response, Plaintiff attached the 1998 plan as an exhibit to its Memorandum in Opposition to the Motion to Dismiss (Doc. 4).[1]

      Although the Plaintiff asserts in its Amended Complaint that the 1998 plan is the

---

[1] Matters outside the pleadings are not to be considered in deciding a motion to dismiss under Fed. R. Civ.P. 12(b)(6). *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997). However, when a defendant attaches documents to a motion to dismiss that are central to the Plaintiff's complaint, the documents are properly considered part of the pleadings and, therefore, the court may consider these documents without converting the defendant's motion to one for summary judgment.  *Id.* at 89.  Thus, if a plaintiff raises issues that require consideration in terms of an ERISA plan, the court may properly consider exhibits setting forth the terms of the ERISA plan at issue in deciding the motion to dismiss.  *Id.; Borman v. The Great Atlantic & Pacific Tea Co.*, 64 Fed. Appx. 524, 528 n. 3 (6th Cir. 2003).

4

policy at issue in this matter (Doc. 3, ¶2 and ¶8),[2] the 2001 plan clearly states that "it replaces and cancels any other certificate previously issued to You under the policy." Thus, the 2001 plan must govern this matter.

As to Plaintiff's second assertion of err, the Court finds that Plaintiff is reading into the R&R a "suggestion" that is not present in the R&R. It is established law that a claim for ERISA benefits under §1132 shall be made against the plan itself or the administrator or fiduciary. *See* 29 U.S.C. §1132(d), 29 U.S.C. §1102(a)(1), and *Daniel v. Eaton Corp.*, 839 F.2d, 263, 266 (6th Cir. 1988). The 2001 plan clearly states that the plan is administered by CNA Group Life Assurance Company. *See* 2001 Plan, POL_0002, POL_0022. In addition, an endorsement to the plan clearly provides that the underwriting company (CNA Group Life Assurance Company) changed its name to Hartford Life Group Insurance Company. *See* 2001 Plan, POL_0024 "Change in name of underwriting company". This "name change" is not an unlawful assignment of fiduciary duties by CNA as Plaintiff suggests but, instead, is comparable to a corporate restructure. In comparing the endorsement (POL_0024) to the Certificate (POL_0002) there is further evidence that only a name change occurred and not an unlawful assignment. The addresses for the home office and executive offices remained the same after the "name change."[3]

---

[2] The 1998 plan is identified as "No. SR 83074913."

[3] The Court does have a concern as to Continental Casualty Company. Continental Casualty Company was the original underwriter of the 1998 policy (Doc. 3, ¶2). At that time Continental was doing business as CNA (*Id*.). It is unclear from the pleadings currently before this Court if CNA is the same entity as CNA Group Life Assurance Company. The Defendants suggest that it is the same entity (Doc. 15, p4). The Plaintiffs do not address this issue. If CNA is CNA Group Life Assurance Company and now Hartford Life Group Insurance Company then Continental would not be a proper Defendant even under the 1998 policy. However, if CNA is

5

Upon *de novo* review, the Court concludes that Group Long Term Disability Income Protection Plan of Anesthesia Associates of Cincinnati, Inc. and Hartford Life Group Insurance Company are proper defendants in this matter.  Accordingly, the March 3, 2006 Report and Recommendation of Magistrate Judge Black (Doc. 12) is hereby **ADOPTED**.  The July 7, 2005 Motion of Defendants, Continental Casualty Co., Charles Stedman & Co., Inc. and The Hartford Financial Services, Group, Inc., to Dismiss (Doc. 2 and 8) is **GRANTED.**  Plaintiff is granted thirty days from the date of this order to file an amended complaint naming Hartford Life Group Insurance Company as a Defendant in this matter.

  **IT IS SO ORDERED.**

                s/Michael R. Barrett
                Michael R. Barrett, Judge
                United States District Court

---

not the same entity as CNA Group Life Assurance Company then a question may arise as to whether or not Continental dba CNA had the authority to transfer underwriting and fiduciary responsibilities to CNA Group Life Assurance Company without the consent of the participating employer.  However, since the Amended Complaint does not allege an unlawful assignment or transfer the Court will not address this issue.