UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM E. DIRKES, M.D.,

    Plaintiff,

vs.

HARTFORD LIFE GROUP INSURANCE
COMPANY and GROUP LONG TERM
DISABILITY INCOME PROTECTION
PLAN of ANESTHESIA ASSOCIATES
OF CINCINNATI, INC.,

    Defendants.

Case No. 1:05-cv-254

Barrett, J.
Black, M.J.

**ORDER**

This civil action is before the Court on the motion to strike of defendants Hartford Life Group Insurance Company ("Hartford") and Group Long Term Disability Income Protection Plan of Anesthesia Associates of Cincinnati, Inc. ("the Plan") (collectively "Defendants") (doc. 48); plaintiff's emergency motion for leave to depose certain Hartford representatives (doc. 56); and the parties responsive memoranda (docs. 57, 60). Each motion will be addressed in turn.

    A.    *Defendants' Motion to Strike (Doc. 48)*

Defendants seek an order from the Court striking Plaintiff's supplemental exhibits (doc. 41-4 through 41-7) submitted in support of his claim for judgment on the Administrative Record. As previously decided by the Court, plaintiff is precluded from expanding the Administrative Record to include documents that were not before Hartford at the time the decision at issue was made. (*See* Doc. 39).

As this Court has already determined, under the arbitrary and capricious standard of review, the record before the Court is limited to the record as it existed before Hartford at the time the decision was made. (Doc. 39 at 2-3) (citations omitted); s*ee also Yeager v. Reliance Std. Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996); *Noland v. Prudential Ins. Co. of Am.*, 2006 U.S. App. LEXIS 13879 * 12 (6th Cir. June 2, 2006)("Court is limited to reviewing only those materials in the administrative record.")(citing *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433- 34 (6th Cir. 1998)); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 457 (6th Cir. 2003) ("The scope of the district court's and this court's review of the denial of benefits is limited to the administrative record available to the plan administrators when the final decision was made")(citing *Miller v. Metropolitan Life Insurance Co.*, 925 F.2d 979, 986 (6th Cir. 1991)).

Accordingly, defendants' motion (doc. 48) is well-taken, and it is **GRANTED**. Plaintiff's supplemental exhibits (*see* doc. 41-4 through 41-7) are hereby **STRICKEN** from the record.

B. *Plaintiff's Motion for Leave to briefly depose Hartford personnel (Doc. 56)*

Plaintiff seeks to depose: (1) the Hartford representative who has the most knowledge as to when Hartford acquired CNA; (2) the Hartford representative with the most knowledge of when insurance polices bearing the Hartford logos started being distributed to CNA accounts, based upon statements contained in the affidavit of Mr. Bruce Luddy, a Hartford employee; and (3) Mr. Luddy himself. Notably, however, Mr. Luddy's affidavit was filed with the Court on **July 5, 2005**. Thus, defendants assert that

no such urgency exists, and that the plaintiff's motion lacks merit. The undersigned agrees.

Plaintiff asserts that Mr. Luddy's affidavit represents that the 2001 Policy, which contains the Hartford logo, "was *issued* to plaintiff's employer on March 1, 2001." (Doc. 56, p.1). Plaintiff therefore asserts that because the transaction which resulted in a change of the name of the issuing company to Hartford Life Group Insurance Company did not occur until 2003, Mr. Luddy's affidavit provides a misrepresentation to the Court. *Id.*

However, as noted by defendants, Mr. Luddy's affidavit does not claim that the 2001 Policy was issued in 2001. Mr. Luddy's affidavit is explicit that the 2001 Policy was issued by Hartford Life Group Insurance Company. (Doc. 2, Exh. 1, ¶3). There is no dispute that the Hartford/CNA transaction did not occur until December 31, 2003. The coverage under the 2001 Policy became *effective*, however, on the "Effective Date" of that policy, March 1, 2001. (POL 0004; POL 0006). As a result, participants in the Group Long Term Disability Income Protection Plan of Anesthesia Associates of Cincinnati, Inc. became entitled to receive the benefits afforded by the 2001 Policy, and Hartford became responsible for those benefits, effective March 1, 2001.

Notably, during the two years since Mr. Luddy's affidavit was filed, this issue has been briefed and decided by the Court on numerous occasions: (1) Defendants' Motion to Dismiss (Doc. 2); (2) Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 4); (3) Defendants' Response in Support of Motion to Dismiss (Doc. 7); (4) Magistrate Judge's Recommendation on the Motion to Dismiss (Doc. 12); (5); Plaintiff's Partial

Objection to Magistrate Judge's Recommendation on the Motion to Dismiss (Doc. 14); (6) Defendants' Response to Plaintiff's Partial Objection (Doc. 15); (7) Order Adopting Report and Recommendation (Doc. 23); (8) Plaintiff's Motion to Include Documents in the Administrative Record (Doc. 32); and (9) Magistrate Judge's Report and Recommendation on Plaintiff's Motion to Supplement Administrative Record (Doc. 39).

Accordingly, upon careful review, plaintiff's motion (doc. 56) is not well-taken, and it is **DENIED.**

    **IT IS SO ORDERED**.


Date: February 19, 2008                  s/Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judg