UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM E. DIRKES, M.D.,

    Plaintiff,

vs.

HARTFORD LIFE GROUP INSURANCE
COMPANY and GROUP LONG TERM
DISABILITY INCOME PROTECTION
PLAN of ANESTHESIA ASSOCIATES
OF CINCINNATI, INC.,

    Defendants.

Case No. 1:05-cv-254

Barrett, J.
Black, M.J.

### REPORT AND RECOMMENDATION[1] THAT MOVANTS' MOTION FOR RECONSIDERATION AND CLARIFICATION AND MOTION TO INTERVENE AND/OR FOR JOINDER (DOC. 83) BE DENIED

This matter is before the Court on a "Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiffs under Fed.R.Civ.P. Rule 24(a)(2), 24(b), Motion For Joinder Party Class Action Intervention Under Rule 20 & 23" (Doc. 83) filed by federal inmates Jonathan Lee Riches, Gilbert Felix and Jeff Skilling (collectively "proposed intervenors"). Two of the three proposed intervenors did not sign the motion. For the reasons that follow, the undersigned concludes that motion is not well-taken and recommends that Judge Barrett deny it.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I.

The present action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and involves a claim for benefits by an individual participant in a long-term disability plan ("the Plan"). The Court remanded this matter to Hartford for further consideration of plaintiff's claim for benefits. (Doc. 81). Plaintiff recently filed a Notice of Appeal of that decision to the Sixth Circuit Court of Appeals. (Doc. 82.)

Proposed intervenors seek permission from the Court to intervene under both Rule 24(a) (as a matter of right) and Rule 24(b) (permissive intervention) of the Federal Rules of Civil Procedure and also "moves for a motion for reconsideration & moves to amend this complaint." Proposed intervenors assert, *inter alia*, that they have "interests in this case with newly discovered evidence," specifically that "Hartford Life Insurance Company is contracted with FCI Williamsburg and provides inadequate Life Insurance for inmates. We are denied coverage . . .this is discrimination against felons." (Doc. 83.)

## II.

To intervene as a matter of right, the Federal Rules of Civil Procedure require that the intervenor claim "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). Similarly, to assert permissive intervention, the intervenor must have "a claim or defense that shares with the main

action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(b).

## III.

Here, the proposed intervenors do not satisfy the requirements to intervene in this suit.[2] They do not allege they are participants in or beneficiaries of the Plan at issue in this matter. To the contrary, they allege that no policy of insurance has been issued to provide coverage to them. (Doc. 83.) Thus, whatever the outcome of this lawsuit, it will not "impair or impede" their ability to protect any rights they claim to obtain insurance nor do they share "a common question of law or fact" with this suit.

---

[2] Proposed Intervenor, Jonathan Lee Riches, has filed over 1,800 Federal lawsuits lawsuits, more than 1,540 of them since the start of 2008. *See Riches v. Karpinski*, Nos. 08-cv-347-bbc, 08-cv-346-bbc., 2008 WL 2564785 *1 (W.D.Wis. June 25, 2008) (providing history of lawsuits filed by Riches). In January 2008 alone, he filed a total of 533 suits. *Id.* In response, many courts have permanently enjoined him from filing any documents without its permission. *See e.g. In re Jonathan Lee Riches,* No. 1:08-cv-0498-WBH, slip op. at 2 (N.D.Ga. Mar. 25, 2008) (holding Riches was a "vexatious and abusive litigant" and permanently enjoining him from "filing or attempting to file many new lawsuit in this Court without first obtaining leave of the Court to do so."); *Northern New England Telephone Operations, LLC v. Public Utilities Com.*, Civil No. 05-53-B-H, 2008 WL 2782926 (D.Me. July 17, 2008. ) ("Jonathan Lee Riches is hereby enjoined from making any type of filing in this case or any pending case in the District of Maine without prior leave of this Court."); *Riches v. Peterson*, No. 6:08-1092-MBS, slip op. at 6 (D.S.C. May 17, 2008) (imposing a "prefiling injunction" requiring, inter alia, that the clerk of court return unfiled any civil action Riches submitted to that court unless he were to meet a series of requirements); *Riches v. Karpinski*, Nos. 08-cv-347-bbc, 08-cv-346-bbc., 2008 WL 2564785 (W.D.Wis. June 25, 2008) (calling claim "obviously frivolous" and ordering that any habeas corpus action filed by Riches would be deemed denied on the 30th day after filing, unless the court orders otherwise); *Riches v. Snicket*, Slip Copy, Nos. 3:08cv1, et. al., 2008 WL 691362 (N.D.W.Va. March 12, 2008) (issuing prefiling injunction against Riches); *Riches v. Garese*, Slip Copy, No. 0:08-cv-086- HRW, 2008 WL 2475733 (E.D.Ky. June 18, 2008) (same); *Riches v. Various Defendants*, Slip Copy, Nos. 7:08-cv-00188, 7:08-cv-00189, 2008 WL 509547 (W.D.Va. Feb. 22, 2008) (same); *Riches v. Aguilera*, Slip Copy, No. 07-14469-BC, 2008 WL 324198 (E.D.Mich. Feb. 5, 2008) (same)

## IV.  CONCLUSION

Accordingly, based on the foregoing, it is hereby **RECOMMENDED** that the proposed intervenors' motion (Doc. 83) be **DENIED**.

**IT IS SO RECOMMENDED**.


Date: November 6, 2008                                           s/Timothy S. Black
                                                                 Timothy S. Black
                                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM E. DIRKES, M.D.,

    Plaintiff,

  vs.

HARTFORD LIFE GROUP INSURANCE
COMPANY and GROUP LONG TERM
DISABILITY INCOME PROTECTION
PLAN of ANESTHESIA ASSOCIATES
OF CINCINNATI, INC.,

    Defendants.

Case No. 1:05-cv-254

Barrett, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).